UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **JESSICA CERVIENIC,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**LINCOLN NATIONAL LIFE INSURANCE COMPANY,**<br><br>**Defendant.** | ) | **Case No. 1:26-CV-01056-TWP-KMB** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company[1] ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Jessica Cervienic ("Plaintiff") and states as follows:

**I. Parties and Jurisdiction**

1. Plaintiff Jessica Cervienic, hereinafter referred to as "Plaintiff," brings this ERISA action against Lincoln National Life Insurance Company, "Lincoln", in its capacity as insurer of the Long term Disability Plan under which she was insured.

**ANSWER: Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits that it issued Group Long-Term Disability Insurance Policy numbered 000010278594 (the "Policy") to McNeill Hotel Company, LLC. ("NcNeill") which Policy, at certain times, insured benefits paid by the McNeill Hotel Company, LLC Long-Term Disability Plan ("the LTD Plan") sponsored by McNeill, to provide certain benefits to participating, eligible employees of McNeill. Lincoln**

[1] Incorrectly named in the Complaint as "Lincoln National Life Insurance Company."

**admits that Plaintiff was, at certain times, employed by McNeill and was, at certain times, a participant in the LTD Plan. Lincoln denies it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 1 of the Complaint.**

2. Plaintiff brings this action to secure all disability benefits, whether they be described as short-term, long-term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant.

**ANSWER: Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with attorney fees, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.**

3. That Plaintiff is a citizen of the State of Indiana residing in Hamilton County.

**ANSWER: Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.**

4. That Defendant, Lincoln, provides disability insurance coverage to participants working in the County of Hamilton, State of Indiana.

**ANSWER: Lincoln admits that it is an Indiana Corporation and that it issued the Policy to McNeill, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.**

5. That Plaintiff's employer, McNeill Hotel Company, LLC, has contracted with Lincoln to administer and insure long-term disability insurance to its eligible employees through the Plan.

**ANSWER: Lincoln admits that it issued the Policy to McNeill, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits that it was, at certain**

**times, the claims administrator of the LTD Plan for claims under the Policy, but Lincoln specifically denies it was the plan administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.**

6. That this court has jurisdiction pursuant to the Employee Retirement Income Security Act 29 USCA 1132(e)(1).

**ANSWER: Lincoln admits that Plaintiff's claims are governed by ERISA under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.**

## II. Factual Allegations

7. That Plaintiff was an employee of McNeil (sic) Hotel Company, LLC, where in her capacity as Sales Coordinator, she was a participant in the Plan.

**ANSWER: Lincoln admits that Plaintiff was, at certain times, employed by McNeill as a Sales Coordinator, and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.**

8. That Plaintiff was forced to stop working due to medical conditions on or about February 2, 2024.

**ANSWER: Lincoln admits that Plaintiff's last day of work at Nucor was February 2, 2024. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.**

9. That Plaintiff applied for long-term disability benefits provided by Defendants (sic) and was awarded benefits under the aforementioned insurance policy own occupation clause and received benefits from approximately May 31, 2024 to September 3, 2025.

**ANSWER: Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. To the extent that the allegations contained in Paragraph 9 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.**

10. The Plaintiff ceased to receive benefits beginning September 4, 2025, as her benefits were wrongfully terminated under the aforementioned insurance policy any occupation clause on or about September 3, 2025.

**ANSWER: Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln admits that it sent a letter to Plaintiff dated September 4, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.**

11. That Plaintiff administratively appealed this denial, as she suffers from numerous medical impairments that qualify her for continuing benefits under the terms of the Plan.

**ANSWER: Lincoln admits that it received a first level appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the**

**best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.**

12. Plaintiff (sic) appeal was denied on or about April 23, 2026. She has therefore exhausted her administrative appeals.

**ANSWER: Lincoln admits that it sent a letter to Plaintiff's counsel dated April 23, 2026, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.**

13. That Defendant has wrongfully refused to award Plaintiff disability benefits and wrongfully withheld monies rightfully due Plaintiff as a disabled insured participant under the policy and the Plan.

**ANSWER: Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 13 of the Complaint.**

14. Defendant's decision denying her disability benefits will be reviewed by the Court may using the *de novo* standard of review.

**ANSWER: To the extent that Paragraph 10 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.**

15. That as a result of Defendant's conduct, Plaintiff has been denied benefits rightfully due her under the Plan and has incurred Attorney fees in order to rectify the harm done to her.

**ANSWER: Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, along with attorney fees, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.**

16. Prudential (sic) is both the claims adjudicator and payer of this claim.

**ANSWER: Lincoln admits that it issued the Policy to McNeill, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy, but Lincoln specifically denies it was the plan administrator of the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.**

17. Defendant benefits financially from denying Plaintiff's claim.

**ANSWER: Lincoln admits that it issued the Policy to McNeill, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.**

18. Defendant has a conflict of interest in this claim.

**ANSWER: Lincoln admits that it issued the Policy to McNeill, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.**

WHEREFORE, Plaintiff herein, by counsel, respectfully prays for judgment against the Defendant, with interest, in an amount commensurate with her past due benefits, interest, reinstatement of her benefits, for Attorney fee reimbursement, and for all other just and proper relief in the premises.

**ANSWER: Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.**

**Lincoln denies all allegations contained in the Complaint not specifically admitted herein.**

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff has failed to exhaust administrative remedies with regard to Plaintiff's claim for LTD benefits from the LTD Plan under the Policy beyond September 3, 2025, in that Plaintiff has not submitted a second level appeal of the denial of such claim, as required by the terms of Policy, and as stated in Lincoln's April 23, 2026, letter to Plaintiff's Counsel.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 18th day of June 2026.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*<u>/s/ Iwana Rademaekers</u>*
Iwana Rademaekers (Texas State Bar No. 16452560)
*Pro Hac Vice* Motion Pending
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on the 18th day of June 2026, the foregoing **ANSWER** was filed electronically and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

Corei I. Osborne
cosborne@hankeylaw.com

s/ Iwana Rademaekers